### Daniels v. Banister, Admr.

(Decided December 15, 1911.)

## Appeal from Marion Circuit Court.

Contract—Ante-Nuptial—Fraud.—In an action by a widow against her husband's administrator to set aside an ante-nuptial contract, evidence examined and held to sustain the chancellor's finding that the plaintiff was not induced to sign the contract by fraud or overreaching on the part of her husband.

BEN SPALDING for appellant.

H. W. RIVES, H. S. McELROY and P. K. McELROY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This action involves the validity of an antenuptial contract entered into between appellant, Lucy Daniels, and her husband, R. C. Daniels. The question arises in the following way: upon the death of R C. Daniels, appellant brought this action against appellee, R. M. Banister, as administrator of her husband, R. C. Daniels, to recover dower in certain land which R. C. Daniels, prior to his death, conveyed to R. M. Banister, and also to recover her distributable share in the personal property left by R. C. Daniels. R. M. Banister, as administrator, answered and pleaded the ante-nuptial contract in bar of appellant's right to recover; and appellee replied charging that the contract was obtained by fraud. Upon submission of the case, the chancellor denied appellant the relief prayed for, and she prosecutes this appeal to reverse his finding.

The contract in question was entered into November 26, 1887. At that time R. C. Daniels was sixty-three years of age and appellant was fifty-nine years of age and a widow with three grown children. She was living with one of her daughters who contemplated moving to Oregon, and R. C. Daniels was living alone. The marriage was one for mere convenience,—each was lonesome and desired company. On the morning of the day the marriage was to be consummated, R. C. Daniels went to the office of Hon. John McChord and stated to him the terms of the contract he desired drawn. Shortly thereafter Mr. Daniels returned bringing appellant with him. According to Mr. McChord's best recollection the terms of the contract were discussed in the presence of appellant and Mr. Daniels and the contract was read to and signed by them. The contract sets out the fact that Mr. Daniels owned between five and six hundred acres of land and some personal property, and that appellant, the other contracting party, owned certain property. The contract referred to the approaching marriage and provided that neither should acquire any rights in the property of the other by reason thereof. The effect of the contract is stated in the following words:

"It being the purpose of this contract for the parties to this agreement to hold their respective property

rights in all respects as if the marriage herein contemplated had never taken place."

The contract also contains the following provision:

"Nothing in the last preceding clause however is intended to preclude the survivor from taking under or by virtue of a last will and testament executed by the other in due form of law."

At the time the contract was entered into, appellant had a dower interest in her former husband's land, from which she derived an income of from one hundred and twenty-five to one hundred and fifty dollars a year. Two or three witnesses testified that appellant was a dutiful wife and faithfully performed her household and other duties. There is also evidence to the effect that she spent a portion of her own income in the maintenance of her husband's home. While it was charged in appellant's reply that R. C. Daniels promised to convey or will to her the home place, in which she is now asserting a dower right, she admits that her husband never acquired it until several years after the contract was executed. The evidence shows that even when appellant gave her deposition in this case, at the age of eighty-three, she was still a woman of fine intelligence and unusual spirit. The contract was entered into about twenty-three years prior to the time appellant testified, and it shows what property R. C. Daniels owned and appellant admits she knew what property he owned at the time she signed the contract. This is not a case where the husband took advantage of the youth and inexperience of a woman whom he intended to marry, concealed the character and kind of his property and persuaded her to enter into a contract whereby she relinquished all claim to his property in consideration of an insignificant settlement upon her. It is a case where two old people, simply for comfort and convenience, each knowing the estate owned by the other, voluntarily and freely agreed to relinquish all rights in the estate of the other which they would acquire by virtue of the contemplated marriage. The contract was made about twenty-three years prior to the death of the husband, but during all that time there was no complaint as to its terms. About one year prior to his death Mr. Daniels conveyed certain portions of his land to two of his heirs, and conveyed the tract in which appellant is seeking to recover dower, to appellee. The latter conveyance was made subject

to a charge of one hundred and fifty dollars per year in favor of appellant. She knew these deeds had been executed, but instituted no action to set them aside during the life time of her husband. While it may be true that in the opinion of some R. C. Daniels should have made more ample provisions for his wife, this is not of itself evidence of fraud or overreaching on his part. Appellant contends that the mere fact that R. C. Daniels had a large estate and made no provisions whatever for his wife, made out a prima facie case which threw the burden of showing that the contract was fairly and freely entered into upon appellee, and the case of Tilton v. Tilton, 130 Ky., 281, is cited to support the contention. The court used the following language in that opinion:

"Good faith is the cardinal principle in such contracts. If the provision made for the wife is unreasonably disproportionate to the means of the husband, the presumption of designed concealment is raised, and the burden of disproving the same is upon him."

Manifestly that rule has not application to the facts of this case. Here the contract stated what property R. C. Daniels had and appellant admits that she knew what property he owned. If the fact that no provision was made for her raised the presumption of designed concealment, then this presumption was overcome by the statement in the contract setting out how much property the husband had and by appellant's admission that she knew.

Being of the opinion that the evidence failed to show that the contract was obtained by fraud on the part of R. C. Daniels and that appellant entered into the contract fully appreciating her legal rights and the effect of the contract, we conclude that the judgment of the chancellor denying her the relief prayed for was proper.

Judgment affirmed.